**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| Summer Brashear,<br><br>                              Plaintiff,<br><br>        v.<br><br>LG Electronics USA, Inc., Anthony Ogg,<br>and Eeseo Kwon,<br>                              Defendants, | Case No. 2:26-cv-5569<br><br><br>**COMPLAINT**<br><br><br>**JURY DEMAND** |

Plaintiff Summer Brashear ("Plaintiff"), by and through her undersigned counsel, hereby brings this Complaint against LG Electronics USA, Inc., Anthony Ogg, and Eeseo Kwon, and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this action against LG Electronics USA, Inc., ("Defendant LG"), Anthony Ogg ("Defendant Ogg"), and Eeseo Kwon ("Defendant Kwon") (collectively, "Defendants"), for violations of Title VII of the Civil Rights Acts of 1964 ("Title VII" – 42 U.S.C. Section 2000e *et seq*) and the New Jersey Law Against Discrimination ("NJLAD" – N.J.S.A. 10:5-2 *et seq*). Plaintiff asserts her Title VII claims against Defendant LG and her NJLAD claims against all Defendants. As a direct and proximate consequence of Defendants' unlawful conduct, Plaintiff suffered emotional distress, economic damages, and other compensable injuries, and seeks all legal and equitable relief available under applicable law as set forth herein.

**JURISDICTION AND VENUE**

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII.

3.      The Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this instant action, including the unlawful employment practices alleged herein, occurred within the District of New Jersey and Defendant LG conducts business within this District.

5.      Plaintiff is proceeding herein (in part) under Title VII and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth fully herein.

7.      Plaintiff Summer Brashear is an adult who currently resides in New York, New York.

8.      Plaintiff is a female.

9. Defendant LG Electronics USA, Inc., is the North American subsidiary of LG Electronics, a global leader in consumer electronics, home appliances, and innovative technology solutions.

10. Defendant LG conducts business as a corporation in the State of New Jersey, with service of process available at 111 Sylvan Avenue, Suite 105, Englewood Cliffs, NJ 07632.

11. At all relevant times, Defendant LG acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein the course and scope of its employment with and for the benefit of Defendant LG.

12. At all relevant times, Defendant LG was Plaintiff's employer within the meaning of Title VII and the NJLAD.

13. Defendant LG hired, paid, and exercised control over the terms, conditions, and privileges of Plaintiff's employment including but not limited to her compensation, schedule, job duties, and workplace conduct.

14. At all relevant times, Defendant Mr. Anthony Ogg was Plaintiff's supervisor, manager, and/or agent of Defendant.

15. At all relevant times, Defendant Ms. Eeseo Kwon was Plaintiff's supervisor, manager, and/or agent of Defendant.

16. Defendants Ogg and Kwon are named solely with respect to Plaintiff's NJLAD aiding and abetting claim.

### FACTUAL BACKGROUND

17. The foregoing paragraphs are incorporated herein in their entirety as if set forth fully herein.

18.    Plaintiff commenced employment with Defendant LG as a UX Researcher in or about October 2024.

19.    During Plaintiff's interview, Defendant Ogg stared at Plaintiff's body and chest in an inappropriate and uncomfortable manner, causing Plaintiff to feel objectified, intimidated, and uncomfortable.

20.    Shortly after Plaintiff began employment, Defendant Ogg asked Plaintiff what would "mentally break" her, repeatedly referred to Plaintiff as "childish" and "messy," and engaged in bizarre and inappropriate discussions unrelated to Plaintiff's work duties.

21.    Defendant Ogg also spoke disparagingly about a prior female employee who had complained about him, referring to her as a "narcissistic bitch," which caused Plaintiff to fear retaliation if she reported misconduct.

22.    Defendant Kwon reinforced this hostile atmosphere by stating that she would not have reported issues involving Defendant Ogg because she feared being perceived as unable to "handle the situation on her own."

23.    Defendant Ogg repeatedly blurred professional boundaries by discussing extensive drug use with Plaintiff during Plaintiff's first days of employment, including discussing using mushrooms before work and marijuana before bed.

24.    Throughout Plaintiff's employment, Defendants subjected Plaintiff to degrading and gender-based comments and humiliation.

25.    Defendant Ogg repeatedly referred to Plaintiff as "messy" and criticized Plaintiff's appearance.

26.     Defendant Ogg referred to Plaintiff's Birkenstock shoes as "faggot shoes," a derogatory slur that humiliated Plaintiff and caused Plaintiff to stop wearing them to work.

27.     In or about March 2025, Defendant Ogg told Plaintiff that he wanted to "fix" her and stated that if he could "fix" Plaintiff, he could ensure that his daughter would not "end up like" Plaintiff.

28.     Defendant Ogg further asked Plaintiff what she "hated about" herself and told Plaintiff that therapy would not make her "hate [herself] less."

29.     These comments were humiliating, degrading, and wholly unrelated to Plaintiff's work performance.

30.     Defendant Kwon also repeatedly insulted and belittled Plaintiff.

31.     Among other thigs, Defendant Kwon criticized Plaintiff's appearance, mocked Plaintiff for getting her nails done, criticized Plaintiff's food choices, and stated that "UC kids like you would not end up in management positions like me."

32.     Defendant Kwon repeatedly threatened Plaintiff's job security by telling Plaintiff that she could easily be replaced.

33.     In or about early 2025, Plaintiff raised concerns regarding Defendant Kwon's conduct and the hostile work environment.

34.     After Plaintiff raised concerns, Defendant Ogg's treatment of Plaintiff substantially worsened.

35.     Defendant Ogg intensified scrutiny of Plaintiff's work, blocked Plaintiff's attempt to transfer to another team, criticized Plaintiff using vague and shifting expectations, and publicly

undermined Plaintiff within the workplace by creating a slideshow evaluating whether speaking with Plaintiff was "a waste of his time."

36. In or about June 2025, Plaintiff complained to Human Resources ("HR") regarding Defendant Ogg's conduct and the ongoing hostile work environment.

37. Following Plaintiff's complaint to HR, Defendant Ogg retaliated against Plaintiff.

38. Defendant Ogg confronted Plaintiff regarding the complaint, demanded to know what Plaintiff told HR, pressured Plaintiff to minimize his misconduct, and stated that he and Defendant Kwon had good "survival instincts" and that "nothing you said would destroy him."

39. Following Plaintiff's protected complaints, Defendants continued singling Plaintiff out for criticism, intimidation, humiliation, and retaliatory treatment.

40. In or about September 2025, Defendant Ogg falsely accused Plaintiff of violating company policy after Plaintiff shared a photograph of her work location with coworkers although it was a routine transparency measure.

41. Defendant Ogg also went through Plaintiff's purse without consent and stated that "messy girls like you always leave wrappers," which was humiliating and invasive.

42. Plaintiff again reported concerns to HR, but Defendant LG failed to take prompt and effective remedial action.

43. In or about November 2025, Defendant Ogg subjected Plaintiff to an aggressive and intimidating confrontation lasting approximately ninety (90) minutes after Plaintiff left work early on a day when little work had been assigned and another supervisor, Defendant Kwon, had also left early.

44.    During this confrontation, Defendant Ogg yelled at Plaintiff, blamed Plaintiff for workplace conflict, and insisted that Plaintiff needed to support Defendant Kwon's "low self-esteem by deferring to her authority."

45.    As a direct result of the ongoing harassment, discrimination, and retaliation, Plaintiff suffered severe emotional distress and physical symptoms of stress, including stress-induced hives.

46.    Defendants created working conditions so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

47.    Plaintiff thereafter resigned from her employment in or about December 2025.

48.    As a result of foregoing, Plaintiff filed a Charge of Discrimination with the EEOC on or about March 13, 2026.

49.    Plaintiff believes and therefore avers that she was subjected to a hostile work environment and treated less favorably because of her gender and/or in retaliation for her protected complaints of, *inter alia*, gender discrimination.

## COUNT I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### [1] Gender Discrimination

50.    Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

51.    Plaintiff is a member of a protected class based on her gender.

52.    Defendant LG's conduct as alleged at length herein deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as employee because of her gender.

53.     Throughout Plaintiff's employment, Defendant LG, through its supervisors, managers, and agents, subjected Plaintiff to discriminatory treatment, degrading comments, stereotyping, humiliation, intimidation, and adverse treatment because of Plaintiff's gender.

54.     During the entire period of Plaintiff's employment, Defendant LG engaged in discrimination based on gender, treating Plaintiff less favorably than similarly situated employees who were not female, in violation of Title VII.

55.     Plaintiff would not have been subjected to discriminatory treatment by Defendant LG but for her gender.

56.     Defendant LG's discriminatory conduct altered the terms and conditions of Plaintiff's employment.

57.     Defendant LG's unlawful employment practices were conducted intentionally, with malice and/or with reckless indifference to Plaintiff's federally protected rights.

**COUNT II**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**[2] Hostile Work Environment**

58.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

59.     The hostile work environment created by Defendant LG's discriminations, retaliations, and disparate treatments were severe and/or pervasive and violated Plaintiff's right under Title VII.

60.     Plaintiff was subjected to unwelcomed harassment because of her gender.

61.    The harassment included sexually inappropriate conduct, degrading comments, gender-based insults, humiliation, intimidation, invasive conduct, offensive remarks, and repeated verbal abuse.

62.    Defendant LG, through its supervisors, managers, and agents, subjected Plaintiff to severe and pervasive conduct that created a hostile, intimidating, humiliating, and offensive work environment.

63.    Defendant LG knew or should have known of the ongoing harassment, discrimination, retaliation, and/or disparate treatments, but failed to take prompt and effective remedial action.

64.    As a direct result of the hostile work environment that existed during Plaintiff's employment with Defendant LG, Plaintiff sustained conscious pain and suffering, great mental distress, shock, fright, and humiliation.

## COUNT III
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### [3] Retaliation

65.    Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

66.    Plaintiff engaged in protected activity by opposing discrimination and harassment and by reporting unlawful workplace conduct to HR and upper management.

67.    Plaintiff consistently complained about the aforesaid discriminatory and retaliatory treatments and commented to Plaintiff's direct manager Defendant Ogg and Defendant LG's HR department.

68.    In response to Plaintiff's complaint, Defendant LG failed to address or remedy the ongoing discriminatory and retaliatory conditions and/or sexual harassments, but rather

Defendant LG's upper management and HR department subjected her to increased hostility, scrutiny, and animosity, instead of meaningfully investigating Plaintiff's complaints.

69. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered damages including but not limited to lost compensation, emotional distress, humiliation, and other damages.

## COUNT IV
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### [4] Constructive Discharge

70. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

71. Defendant LG deliberately rendered Plaintiff's working conditions intolerable that a reasonable person in Plaintiff's position would have felt compelled to leave employment.

72. Plaintiff resigned because of intolerable working conditions.

73. As a result of Defendant LG's unlawful actions, Plaintiff was constructively discharged from her employment.

## COUNT V
### Violations of the New Jersey Law Against Discrimination ("NJLAD")
### [1] National Origin Discrimination; [2] Hostile Work Environment; [3] Retaliation; [4] Constructive Discharge

74. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

75. Plaintiff re-asserts and re-alleges each and every allegation as set forth in COUNT I through COUNT IV of the instant Civil Action Complaint, as such actions constitute identical violations of the NJLAD.

## COUNT VI
## Violations of the New Jersey Law Against Discrimination ("NJ LAD")
## [5] Aiding and Abetting

76.    Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

77.    At all relevant times, Defendants Ogg and Kwon were supervisors, managers, and/or agents of Defendant LG acting within the scope of their employment.

78.    Defendants Ogg and Kwon knowingly, willfully, and substantially assisted, participated in, authorized, directed, and/or aided and abetted the discriminatory, harassing, and retaliatory conduct directed toward Plaintiff.

79.    Defendant Ogg personally engaged in discriminatory, hostile, humiliating, intimidating, retaliatory, and sexually inappropriate conduct toward Plaintiff, including degrading comments, verbal abuse, intimidation, and retaliatory treatment following Plaintiff's complaints.

80.    Defendant Kwon personally engaged in discriminatory, hostile, humiliating, intimidating, and retaliatory conduct toward Plaintiff, including belittling comments, insults, intimidation, and retaliatory conducts.

81.    Defendants Ogg and Kwon's conduct substantially assisted and furthered violations of the NJLAD.

82.    As a direct and proximate result of Defendants Ogg and Kwon's unlawful conduct, Plaintiff suffered emotional distress, economic harm, loss of employment, shock, fright, humiliation, and other damages.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

a. Defendants are to be prohibited from continuing to maintain its illegal policy, practice, or custom(s) of discriminating, retaliating against employees, fostering a hostile work environment, or constructively discharging employees. Defendants shall also be ordered to promulgate and enforce an effective policy against such discrimination, retaliation, hostile work conditions, and constructive discharges, ensuring strict adherence moving forward.

b. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay (absent reinstatement), salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered the aforesaid unlawful actions at the hands of Defendants until the date of verdict;

c. Plaintiff is to be awarded punitive or liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

d. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress and pain and suffering);

e. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

f.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

g.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues.

Dated: May 15, 2026

      /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com